PARK BREW COMPANY *vs.* CHARLES MCDERMOTT.

PROVIDENCE—APRIL 15, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Assignment of Wages.  Garnishment.*

A. made an assignment of his wages for one year to B. to secure a debt of $500.  The assignment was duly recorded.  B. collected all of A.'s wages

and applied them to the reduction of the debt. Before the debt was paid B. loaned A. two further sums of money. At the time of attachment the original loan of $500 had been paid, but a part of the last loan had not been paid. On the question of charging the garnishee:—

*Held,* that the purpose of the statute requiring assignments of wages to be recorded was simply to give notice of the fact of an assignment.

*Held,* further, that the creditor had all the notice that the statute required, and a further loan in good faith was not invalid because a new notice to the same effect was not given.

*Quære,* if, knowing the amount of the debt and that it had been paid, one should give credit.

ASSUMPSIT. Heard on exceptions to rulings of a District Court, and exceptions overruled.

STINESS, C. J. The defendant made an assignment of his wages for one year from December 24, 1902, to Arendt, to secure a debt of $500. The bill of exceptions shows that the assignee collected all of the defendant's wages and applied them to the reduction of this debt. Before the debt was paid the assignee loaned the defendant $125, and again the same sum. At the time of the attachment the original loan of $500 had been paid, but a part of the last loan had not been paid. The garnishee disclosed funds subject to the assignment, and he was discharged. Exceptions were taken to the discharge, and the question now is whether the fund was attachable in this suit.

Gen. Laws cap. 254, § 28, allows an assignment of future earnings, provided it is recorded.

(1) The assignment in this case was duly recorded, but the plaintiff claims that, as the original debt was paid, the assignment cannot apply to a subsequent loan, but for such loan there must be a new assignment.

This claim assumes that an assignment can only apply to the particular debt for which it was first given.

Assignments such as this, so far as we have seen them, recite no debt, but purport to convey wages for a definite time for a consideration. They are absolute in terms. They operate as a mortgage only upon equitable grounds. The statute relating to them does not require a statement whether they are absolute or for the payment of a debt. It simply requires no-

tice that the wages are assigned. From this we infer that the purpose of the statute is to give that notice, and nothing more.

Before the statute suits were frequently brought, attaching wages which were shown, in court, to have been assigned. In this way creditors were put to much useless expense. Then came the statute requiring that notice should be given of the assignment.

The assignment in this case purports to convey the earnings for an entire year. The plaintiff had notice of this from the record. The assignment conformed to the statute.

Are there, then, any equitable grounds to defeat it? There are none on the ground of notice, for he has the same notice from the record that he would have if a new assignment was made and recorded. There is nothing to show that the plaintiff has been in any way misled or injured by the omission of a new assignment. There is no equity on the ground of consideration, for no question is made of the additional loans on the faith of the assignment.

The argument for the plaintiff is that, as soon as the original debt was paid, the validity of the assignment, as against creditors, ceased; a new loan, therefore, would require a new assignment. If this were a mortgage describing a specified debt, there would be force in the argument. But when the plaintiff has all the notice that the statute was designed to provide, namely, the fact of an assignment, and when the instrument is broad enough to carry the title to the property here attached, except upon equitable grounds which do not appear, we do not think that the plaintiff's position can be sustained. If A. should borrow money of B., leaving his watch in pledge, and, before payment, borrow another sum on the same pledge, the pledgee could hold the watch until the second sum should be paid. The same principle applies to this case. The formality of a repledge would not be required in the case just stated, and we see no reason why it should be required in the case of an assignment. The possession of the pledge and the assignment are equally notices of a lien. A repledge or a new assignment could give no more notice.

It is argued that under such a decision there might be secret

agreements or devices in fraud of creditors. Possibly; for any arrangement which gives one a lien ahead of other creditors may be fraudulent, yet in most cases it is not so. Help based upon this sort of security must generally come from a friend. A court cannot, however, because of a possibility, apply the rules of law differently in one case than in others where the same rule is involved. Possibility of fraud under one view, which would be excluded by another equally reasonable view, may affect the construction of a statute; but that is not the case here. Perhaps it might be better if the statute required a statement of the debt for which the assignment is made, so as to give the creditor fuller information; but it does not. The creditor has all the notice that the statute requires, and, if he is not affected by fraud or special injury, we do not see that we can say that another loan, in good faith, is contrary to the statute or invalid because a new notice to the same effect is not given. If there is fraud, one assignment is just as invalid as two would be, and there is as much chance for fraud under two as under one. If, knowing the amount of the debt, and that it had been paid, one should give credit, we do not say what the effect might be, for that case is not before us. We have already held, in *Robinson* v. *McKenna*, 21 R. I. 117, that an assignment which is colorable merely, from which the defendant gets advantage and which serves to keep creditors from attachment, is void. But here, according to the bill of exceptions, the assignee drew all the debtor's wages and applied them to the debt, and the additional loans were made on the same security.

Under these facts we do not see that the lack of a second notice to the same effect as that then on record renders the action void as against creditors.

We therefore decide that the discharge of the garnishee was right, and the exceptions are overruled.

*James J. McGovern*, for plaintiff.

*Edward M. Sullivan*, for defendant.